ROSA SIRI et al., Appellants, v THE PRINCETON CLUB OF NEW YORK, Respondent. [874 NYS2d 408]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered December 21, 2007, which, in an action alleging gender discrimination, granted defendant's motions to dismiss the complaint, unanimously reversed, on the law, without costs, the motions denied, the complaint reinstated, and the matter remanded for further proceedings.

Plaintiffs, part-time banquet servers, allege that defendant is in violation of the New York State and New York City Human Rights Laws (*see* Executive Law § 296; Administrative Code of City of NY § 8-107) by discriminating against them in the assignment of functions on the basis of gender. According to plaintiffs, although functions were supposed to be assigned first to full-time banquet servers and then to part-time banquet serv-

ers, based on seniority, employees from other job classifications were called upon to serve banquet functions, resulting in plaintiffs being discriminated against inasmuch as defendant assigned functions to men from other job classifications, or with lower seniority, instead of to them, thereby causing them to earn significantly less money than men in comparable positions.

Defendant, in its first motion to dismiss plaintiffs' second cause of action alleging disparate impact, maintains that it has long been the practice of itself and the union that represents its waitstaff to staff banquets, depending upon the availability and seniority of employees within each job classification, in accordance with the parties' collective bargaining agreement. In a second motion to dismiss plaintiffs' first and third causes of action alleging intentional discrimination in the assignment of banquet work, which was brought before the first motion was argued and after the Supreme Court issued its decision in *Ledbetter v Goodyear Tire & Rubber Co.* (550 US 618 [2007]), wherein it was held that a pay-setting decision is a discrete act of discrimination with the relevant period of limitations beginning to run when the act first occurs,* defendant asserts that plaintiffs' claims were time-barred.

Pursuant to 42 USC § 2000e-2 (h), it is not unlawful for an employer to apply different standards of compensation on the basis of a bona fide seniority or merit system (*see American Tobacco Co. v Patterson*, 456 US 63, 65 [1982]). Plaintiffs' opposition challenges defendant's claim that its system of assigning waiters to banquet functions operates strictly on a seniority basis. Plaintiffs have raised questions as to whether defendant is actually adhering to a seniority system, and accordingly, in the absence of any disclosure as to exactly how defendant's seniority rules operate in practice, it was premature to grant defendant's first motion.

Regarding defendant's second motion, plaintiffs are not paid any particular set salary but are alleged to earn what are sporadic and differing amounts of money, depending upon the number of functions to which they are assigned. Therefore, plaintiffs are, in effect, accusing defendant of a continuing practice of discrimination in its work assignments. Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ.

---

* The Lilly Ledbetter Fair Pay Act (Pub L 111-2, amending 42 USC § 2000e-5 [e]), signed into law on January 29, 2009, which provides that "an unlawful employment practice occurs, with respect to discrimination in compensation[,] . . . each time wages, benefits, or other compensation is paid" (§ 2000e-5 [e] [3] [A]) and effectively nullifies *Ledbetter*, does not affect this court's analysis.